## Gerson, *et al. v.* Palmore.

*Bill to Quiet and Settle Title to Land.*

(Decided November 7, 1915. 66 South. 597.)

*Adverse Possession; Occupancy; City Lots; Division Line.*— Where complainant's residence had for many years been established on a lot to which respondent laid no claim, and on the line between the lots there had been a fence, which had fallen into decay, and where there was no evidence that complainant had ever been in actual possession of the lot beyond the fence, or extending on over to that lot, he acquired no interest therein by adverse possession, he having no color of title thereto.

Appeal from Montgomery City Court.

Heard before Hon. Gaston Gunter.

Bill by James Palmore against Samuel Gerson and others, to quiet title and settle the line between two lots. Decree for complainant and respondents appeal. Reversed and rendered.

Steiner, Crum & Weil, for appellant.

Weil, Stakely & Vardaman, for appellee.

[Gerson, et al. v. Palmore.]

SAYRE, J.—On his bill to settle the title to a lot or parcel of land, which is described in the bill by metes and bounds, complainant in the court below, appellee here, was awarded relief coextensive with his claim. The premises so described comprise parts of lots 29 and 42 as they appear in a map of the Wise tract in evidence. Moses Bros. had owned this tract at one time, and they, or possibly some proprietor before them, had laid off and platted it into lots, including lots 29 and 42 aforementioned. Defendants among them had purchased lot 42. Their paper title back to Moses Bros. is not questioned. Complainant offers some evidence of an executory oral contract of purchase from one Elsie Tarver, who had a contract of the same character with Moses Bros., and of payment made at a time antedating the title shown by defendants, but this is altogether unsatisfactory on several accounts, and so complainant does not insist upon it as conferring title legal or equitable, but plants his case on testimony tending to show a title by adverse holding.

The lot claimed in his bill, and therein described by metes and bounds, embraces parts of lots 29 and 42 in the Wise tract, platted as aforesaid. Complainant's residence has for many years been established upon lot 29, to which defendants lay no claim. Upon the line between these lots there has been a fence, now fallen into decay. Upon a review of the entire testimony, pretermitting, however, a useless discussion of it, we have reached the conclusion that complainant has failed to show any actual possession beyond the fence between lots 29 and 42, or extending over upon lot 42, such as would invest him with title as by adverse holding or prescription, and that, in the absence of any color of title in complainant, there is no reason

why his possession should be extended by construction beyond its actual limits, which, except for one brief interval, have been defined by the fence.

In consonance with the finding of fact above stated, the decree of the lower court will be reversed on the appeal of all the defendants, and a decree here rendered as follows: Dismissing the bill as to the Griel Bros. Company, which has disclaimed; affirming, as against defendants, the title of complainant to so much of the lot or parcel of land described by metes and bounds in the bill as is included in lot 29 as identically shown by the plat of the Wise tract and the map exhibited with the testimony of W. H. Garrett, both copied into the transcript and hereby made a part of the record of the court below; affirming that complainant has no right, title, or interest in or to lot 42 as shown by the plat and map aforementioned; taxing the costs of this appeal and of the court below against complainant, appellee in this court.

Reversed and rendered.

McCLELLAN, DE GRAFFENRIED, and GARDNER, JJ., concur.